279 F.2d 173
 UNITED STATES of America ex rel. Josip LOVRIC, Plaintiff-Appellant,
v.
Alva L. PILLIOD, District Director, Chicago District, Immigration and Naturalization Service, United States Department of Justice, Defendant-Appellee.
 No. 12871.
 United States Court of Appeals Seventh Circuit.
 June 16, 1960.
 
 Anthony Scariano, Ralph J. Gutgsell, Chicago, Ill., for appellant.
 Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill. (Charles R. Purcell, Jr., Elmer M. Walsh, Jr., Asst. U. S. Attys., Chicago, Ill., of counsel), for appellee.
 Before SCHNACKENBERG and CASTLE, Circuit Judges, and MERCER, District Judge.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Josip Lovric, relator, filed a petition for habeas corpus in the district court naming as defendant, Alva L. Pilliod, district director, Chicago district, Immigration and Naturalization Service, United States Department of Justice, and, from an order denying said petition, relator has appealed.
 
 
 2
 The district court based its order upon a finding that the petition did not state a ground upon which relief could be granted.
 
 
 3
 We learned from oral argument in this court that the hearing in the district court occurred at a time when relator had been taken into custody and was in the actual process of being deported. Therefore, the court hearing was held in an atmosphere of considerable haste and urgency. While the formal order entered by the court gives as a ground for its action a finding that the petition did not state a ground upon which relief could be granted, we are convinced, by our examination of the proceedings, as well as the admission of government counsel, that the petition did state a ground for relief, but that the court did not have before it a transcript of proceedings nor the record of the Immigration and Naturalization Service and the involved delegate of the Attorney General of the United States.
 
 
 4
 Government counsel have explained that the inadvertence of the government in not placing a certified record before the trial court was due in fact to the unavailability of the record on such short notice. The government joins relator in requesting that this cause be remanded to the district court for the purpose of placing before that court the certified record of proceedings before the Immigration and Naturalization Service and the delegate of the Attorney General.
 
 
 5
 While this attitude on the part of the government does not relieve this court of its judicial function, the considered judgment of government counsel as to what should be done in these circumstances is entitled to great weight.
 
 
 6
 Therefore, the order from which an appeal has been taken is reversed and this cause is remanded to the district court for further proceedings not inconsistent with the views herein expressed.
 
 
 7
 Reversed and remanded with directions.